UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reco Miller, #310609, *a/k/a Reco Lamont Miller, #310609*, <br><br> Petitioner, <br><br> vs. <br><br> State of South Carolina, <br><br> Respondent. | C/A No. 4:16-2899-BHH-TER <br><br><br><br><br> Report and Recommendation |

Petitioner Reco Miller, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. Petitioner is an inmate at McCormick Correctional Institution. Petitioner's case is not in proper form and the Petition is subject to dismissal for failure to comply with the court's previous order. Alternatively, the Petition is subject to dismissal because it is successive and presented without an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition.

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition submitted in this case should be dismissed under FRCP Rule 41, and in the alternative, should be summarily dismissed due to being successive.

With respect to his convictions and sentences, the Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the Petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971).

On August 26, 2016, the court entered an order giving Petitioner twenty-one days to bring

the case into proper form to answer every applicable question on Form AO 241, including question 18, to name a Respondent, and to sign and date the Petition. Petitioner did respond, but not in compliance with the order. The amended Petition had numerous blanks, including but not limited to, on questions 16, 17, and 18, the section on relief requested, grounds raised on appeals on PCR applications, and questions about direct appeals and PCR applications. For the Petition's grounds for relief, ground one is completely unreadable, ground two, ground three, and ground four are blank even though the other questions related to each ground are partially answered. The Petition does not name a respondent. Petitioner has, at this stage, already submitted two deficient A0241 forms/habeas petitions. The order of this court was specific to the prior deficiencies and warned of the consequences for failing to comply with the order.

A petition may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989), *cert. denied* 493 U.S. 1084 (1990) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

 (1) the degree of plaintiff's responsibility in failing to respond;
 (2) the amount of prejudice to the defendant;
 (3) the history of the plaintiff in proceeding in a dilatory manner; and,
 (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978).

In the present case, Plaintiff is proceeding *pro se* so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no response to the Order has been filed. Plaintiff has not responded to the Court's Order, despite the order notifying him of the

consequences for failure to respond. Because the Petition is also subject to dismissal on other grounds, the amount of prejudice to the defendant is negligible. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

Moreover, in the alternative, for the reasons set forth herein, it is recommended that the Petition be summarily dismissed as it is barred as successive.

Petitioner has filed a previous § 2254 petition in this Court challenging the same conviction and sentence challenged herein: three counts of kidnapping, convicted on August 4, 2005. This Court may take judicial notice of the filings in Petitioner's prior § 2254 case (4:15-cv-00021-BHH), including the Report and Recommendation filed July 17, 2015, which sets forth certain relevant facts. *See Slaughter v. Wright*, 135 F.2d 613, 615 (4th Cir. 1943). The prior Petition was dismissed under Rule 41(b), and in the alternative, summary judgment in favor of respondent was granted by the District Court on October 16, 2015. The instant Petition is therefore successive, and is subject to summary dismissal.

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). A successive habeas petition cannot be filed without first obtaining pre-filing authorization from the court of appeals. 28 U.S.C. 2244(b)(3)(A); *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). To be considered successive, the second habeas petition must be the second attack of the same conviction and the first habeas petition must have been finally adjudicated on the merits. *See Williams*, 444 F.3d at 236. A Rule 41(b) dismissal with alternative grounds of a summary judgment grant in favor of respondent due to Petition's untimeliness is considered an adjudication on the merits. *See White v. U.S.*, 53 F. Supp. 3d 830, 834 (D.S.C. 2014); *Harvey v. Horan*, 278 F.3d 370 (4th Cir.2002) (abrogated on other grounds, *Skinner v. Switzer*, 562 U.S. 521

4

(2011)). Because the instant Petition is the second attack of the same conviction and the first petition's adjudication is considered to be on the merits, the instant Petition is successive. Therefore, since Petitioner did not first obtain permission from the Fourth Circuit Court of Appeals to file this successive § 2254 Petition, this court does not have jurisdiction over Petitioner's instant Petition, and thus, the Petition is subject to summary dismissal.

### RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed without prejudice under Rule 41(b) for failure to comply with this court's order; in the alternative, it is recommended that the Petition be dismissed *with prejudice and without requiring the respondent to file a return*, as successive and unauthorized.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 14, 2016
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).